DAVID K. MERRILL *vs.* INHABITANTS OF WILBRAHAM.

A town is liable for injuries occasioned to a traveller using due care, by a ditch dug in the highway by an aqueduct corporation under license from the selectmen, pursuant to the Rev. Sts. *c.* 40, § 9, and left open twenty four hours.

ACTION OF TORT for injuries to the plaintiff's horse, while he was travelling in the highway.

At the trial in the court of common pleas in Hampden, the plaintiff offered evidence that a ditch had been dug along the highway and within the travelled path, and left open for several days; that it was in the most central part of the town, and was publicly known; and that he was travelling upon the highway in a very dark evening, and using due care, when his horse stepped into the ditch and was thereby injured.

The defendants offered evidence that an aqueduct company had been incorporated in Wilbraham and licensed by the selectmen to dig a ditch to lay their pipes in, and had dug this ditch for that purpose, and kept it open because they had not finished laying the logs.

Upon this evidence the defendants contended that if the aqueduct company were licensed by the selectmen to dig in the streets for the purpose of constructing their aqueduct, and the plaintiff received the injury in consequence of the negligence of the aqueduct company or their servants, he could not maintain this action; and that if the ditch which caused the injury was dug and left open by the aqueduct company or their servants while in process of constructing the aqueduct under a license from the selectmen, the plaintiff could not recover, unless the jury were satisfied that the defendants, having been notified, allowed the same to remain open for an unreasonable length of time; and that the fact that it had existed for twenty four hours was not conclusive as to the length of time.

But *Aiken*, J. declined so to rule; and instructed the jury that these facts, if proved, would not constitute a defence to the action; that towns were bound to keep their highways safe and convenient for travellers; that if there was such a defect existing within the travelled part of the highway as to render the way there dangerous to the traveller, which had existed for the space of twenty four hours or more before the injury, or of which the defendants had reasonable notice, and there was nothing there reasonably to indicate or give notice to the traveller of his approach to the danger, the defendants would be liable for the injury sustained by the plaintiff by reason of such defect, provided the plaintiff, when his horse stepped into the ditch, was in the exercise of ordinary care; and that he would be entitled to recover irrespectively of any license from the selectmen to the aqueduct company. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*C. A. Winchester*, for the defendants, cited *Sawyer* v. *Northfield*, 7 Cush. 496; *Young* v. *Yarmouth*, 9 Gray, 386; Rev. Sts. *c.* 25, § 1; *c.* 40, § 9.

*R. A. Chapman,* for the plaintiff.

DEWEY, J.   Under the decision of this court in *Currier* v. *Lowell,* 16 Pick. 170, the duty still attached to the defendants of keeping this highway in safe and convenient repair for travellers.   The mere fact of the incorporation of an aqueduct company, and the assent of the selectmen that such company might dig up and open the highway for the purpose of constructing an aqueduct, under the authority of the Rev. Sts. *c.* 40, § 9, did not discharge the town from liability for an injury occasioned by reason thereof upon the highway.   In the case cited, the right of the railroad corporation was equally perfect to construct their railroad across the highway.

A different rule might exist where the entire highway was taken for another public easement, as was the case of *Tinker* v. *Russell,* 14 Pick. 279, or where, as in the case of *Sawyer* v. *Northfield,* 7 Cush. 496, the entire travelled way, at the place of the defect, was a way to be maintained by the railroad corporation, the defect being in a permanent structure required by law to be maintained and kept in repair by such railroad corporation.

Nor is the present case like that of *Young* v. *Yarmouth,* 9 Gray, 386, though much more nearly resembling that than the cases above referred to.   It was there held that a town was not liable to an action by a traveller on a highway for an injury occasioned by coming in contact with a post of an electric telegraph company, erected within the limits of the located highway, pursuant to the directions of the selectmen, under *St.* 1849, *c.* 93, § 3.   In that case, the fixtures authorized were permanent ones, and they were without the limits of the travelled part of the highway.   They caused no impediment to the free and safe use of the highway in the ordinary travel thereon.   The injury sustained therefrom by the traveller in that case was that arising from exposure to contact with his vehicle where the horse from fright had left the travelled road.   The same exposure would have occurred from the existence of a shade tree planted by the side of the road, or the erection of a lamp post or guide board   The court were of opinion that the town was not

responsible for the injury occasioned by such structures, located without the ordinary travelled path, and authorized to be permanently maintained there.

The present case is one of a defect and obstruction in the travelled path, an obstruction occasioned by the exercise of a mere temporary right to dig up the way for laying an aqueduct pipe, an operation that might be very speedily performed, and justifying a very limited obstruction of the way, either in point of time or in reference to its extent. It did not operate as a discontinuance of the highway in any part, but left the same as before, to be maintained and kept in repair by the town, with a full responsibility for injuries occurring thereon through defect or want of repair. Hence the duty would attach of providing the proper guards for the public travel during the period that the way might be necessarily dug up for the purpose of laying the aqueduct, in case the company neglected so to do. The officers of the town, in such case, have active duties to perform on their part, and are not to wait till notified by others of the existence of the defect. The town is made liable for injury occasioned by such defects in the highway, not only upon reasonable notice thereof, but also if they have existed for the space of twenty four hours previous to the occurrence of the injury. *St.* 1850, *c.* 5. In the opinion of the court proper instructions were given to the jury.

*Exceptions overruled.*